IRVING, J.,
for the Court.
¶ 1. Tony Hargrove filed a motion for post-conviction relief which was denied by the Webster County Circuit Court. Feeling that the court’s decision was in error, Hargrove appeals and alleges the following errors, which we state verbatim:

ISSUE ONE

Appellant was denied due process law [sic] where he agreed to not take an appeal in this case, through the understanding from his attorney and the prosecutor, that the sentencing recommendation would be, because of petitioner’s first offender status, under the 25% law as opposed to the 85% law.

ISSUE TWO

Appellant Tony Hargrove received ineffective assistance of counsel at trial, in violation of the 6th and 14th Amendments to the United States Constitution as well as the Constitution of the State of Mississippi. Trial counsel failed to point out to the trial court that a condition for Appellant not perfecting an appeal to the Mississippi Supreme Court in this case was that the initial sentence would be imposed under the twenty-five (25%) rule.

ISSUE THREE

Appellant Tony Hargrove’s waiver of his appeal, where such waiver was based in part on the fact that the initial sentence in this case, which was a first offender status conviction, was not voluntary [sic] and intelligently made where such sentence was imposed without respect to the 25% rule. Appellant should therefore be resentenced under the correct sentencing provisions or the court should correct and modify the sentence in such fashion so to serve 25% of the sentence and the remainder under *31 post release supervision as to require Appellant [sic].
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Hargrove was arrested on three charges. Cause numbers 2001-30-CR and 2001-32-CR relate to sale of marihuana and armed robbery, respectively. Cause number 2001-85-CR, the basis of the matter before us, relates to Hargrove’s possession of more than one ounce, but less than one kilogram, of marihuana with intent to sell, transfer, or distribute. On January 23, 2002, after a jury trial, Hargrove was convicted of the possession charge. Sentencing was withheld until February 1, 2002, at which time the court sentenced Hargrove in cause number 2001-85-CR and accepted his guilty pleas in cause numbers 2001-30-CR and 2001-32-CR. In return for Hargrove’s cooperation with the State and the waiver of his right to appeal cause number 2001-85-CR, the prosecutor recommended a sentence of twelve years on cause number 2001-85-CR at the sentencing hearing. This recommendation was adopted by the court, and Hargrove was sentenced to twelve years.
¶ 4. Prior to sentencing, Hargrove’s attorney advised him that Hargrove would be sentenced as a first-time offender, and would therefore have to serve only twenty-five percent of his sentence. In reality, Hargrove has to serve at least eighty-five percent of his sentence before being released. Hargrove contends that his belief that he would only have to serve twenty-five percent of the twelve year sentence in cause number 2001-85-CR was the foundation of his guilty pleas in cause numbers 2001-30-CR and 2001-32-CR.
¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Agreement not to Appeal

¶ 6. Hargrove contends that he “was denied due process law [sic]” when he agreed not to appeal his conviction in cause number 2001-85-CR upon the premise that he would only have to serve twenty-five percent of his sentence in cause number 2001-85-CR.
¶ 7. The agreement not to appeal was part of Hargrove’s guilty plea in cause numbers 2001-30-CR and 2001-32-CR. The conviction that forms the basis of the appeal before us, however, is cause number 2001-85-CR. Hargrove’s agreement not to appeal goes only toward the volun-tariness of his pleas in cause numbers 2001-30-CR and 2001-32-CR. According to Mississippi Code Annotated section 99-39-9: “A motion [for post-conviction relief] shall be limited to the assertion of a claim for relief against one (1) judgment only. If a prisoner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions.” Miss.Code Ann. § 99-39-9(2) (Supp.2005).
¶ 8. Although the record in the present case lacks copies of the separate judgments, the front page of the judgment that is included in the record indicates that it is only for cause number 2001-85-CR. “Our law is clear that an appellant must present to us a record sufficient to show the occurrence of the error he asserts and also that the matter was properly presented to the trial court and timely preserved.” Young v. State, 891 So.2d 813, 819(¶ 14) (Miss.2005) (citing Lambert v. State, 574 So.2d 573, 577 (Miss.1990)); see also Williams v. State, 522 So.2d 201, 209 (Miss.1988) (citations omitted). Therefore, we find that, since separate judgments *32 were rendered in the three causes, Har-grove is procedurally barred from challenging the validity of his guilty pleas in cause numbers 2001-30-CR and 2001-32-CR in this appeal, which concerns only cause number 2001-85-CR.

2. Ineffective Assistance of Counsel

¶ 9. In this issue, Hargrove alleges that his counsel was ineffective for failing to inform him that his sentence in cause number 2001-85-CR would not be served under the twenty-five percent rule.
¶ 10. We find no merit to this contention because Hargrove’s attorney’s advice had no impact on Hargrove’s sentencing in cause number 2001-85-CR. In order to succeed on a claim of ineffective assistance of counsel, Hargrove must show that his counsel’s performance was deficient, and he must show that such deficiency prejudiced him in his defense. Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Regardless of whether Har-grove’s attorney was deficient for erroneously informing him that he would be sentenced under the twenty-five percent law, no prejudice occurred to Hargrove because no advice by his counsel could impact his sentencing. The sentencing in cause number 2001-85-CR, where Hargrove had already been convicted by a jury, was entirely at the discretion of the court: “[We] have held that sentencing is within the discretion of the trial court and is not subject to appellate review if it is within the limits prescribed by statute.” Tate v. State, 912 So.2d 919, 933(¶ 48) (Miss.2005) (citations omitted). Therefore, any advice rendered to Hargrove by his attorney, no matter how erroneous, could not cause prejudice to Hargrove in his defense in cause number 2001-85-CR. This issue is without merit.

3. Waiver of Appeal and Resentencing

¶ 11. Hargrove claims that the waiver of his appeal was involuntary. This issue is disposed of for the same reason as Har-grove’s first issue. The waiver was done as a part of his pleas in cause numbers 2001-30-CR and 2001-32-CR, which are not a part of the judgment he is appealing. Therefore, this issue is procedurally barred, and we decline to order that Har-grove be resentenced. Additionally, as noted above, “sentencing is within the discretion of the trial court and is not subject to appellate review if it is within the limits prescribed by statute.” Id. Hargrove’s third and final contention of error is rejected.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF WEBSTER COUNTY DENYING POST-CONVIC-TIQN RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WEBSTER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ„ CONCUR.